IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE: SUBPOENA DUCES TECUM

PATRICK J. GOULD,

Petitioner,

v.                                                                    No. 14-MC-035-DRH

KEVIN C. WILLIAMS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is the government's motion to quash a state court subpoena issued to Steven D. Weinhoeft in his official capacity as an Assistant United States Attorney (Doc. 7). Petitioner Gould opposes the motion. Based on the reasons stated in the government's motion and the following, the Court **GRANTS** the motion to quash state subpoena.

Petitioner Patrick Gould served a state court subpoena on Steven D. Weinhoeft, an Assistant United States Attorney, in connection with his civil lawsuit against Kevin C. Williams pending in the Wabash County, Illinois Circuit Court. *See Gould v. Williams*, No. 12-OP-11.[1] Gould is the trustee and power of attorney for the estate of E.S., the victim of Williams' fraudulent transactions in the criminal

---

[1] AUSA Weinhoeft was assigned to the criminal prosecution of Williams in the United States Court for the Southern District of Illinois. See *United States v. Williams*, 13-cr-40019-JPG. Williams pled guilty and was sentenced to 120 months imprisonment in November 2013. Further, the Court ordered him to pay a cumulative total of $1,880,602.99 in restitution.

matter. The subpoena seeks documents purportedly held by AUSA Weinhoeft from the criminal case.  After receiving the state court subpoena, the government informed Gould's attorney, Eric Bramlet, that it would not comply with the state court subpoena and that it no longer had the records sought in the subpoena as the records were sent to the Internal Revenue Service.  Thereafter, the government removed the matter to this Court pursuant to 28 U.S.C. § 1442(a)(1) (Doc. 2).

The government now moves to quash the state subpoena (Doc. 7) and Gould opposes the motion (Doc. 8).  Based on the reasons stated in the government's motion to quash and the following, the Court grants the motion.

In *Edwards v. United States Dept. of Justice*, the Seventh Circuit Court of Appeals concluded that a state court lacked jurisdiction to compel the DOJ to respond to a subpoena seeking surveillance videos in connection with a post-conviction proceeding. *Edwards*, 43 F.3d 312, 317 (7th Cir. 1994).  Citing *United States ex rel. Touhy v. Raqen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), the *Edwards* Court held that "a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations." *Edwards*, 43 F.3d at 317; *see also Boron Oil Co. v. Downie,* 873 P.2d 67, 69–70 (4th Cir.1989) ("*Touhy* is part of an unbroken line of authority which directly supports Downie's contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid regulations.").

Further, the doctrine of sovereign immunity prohibits state courts from

enforcing subpoenas against "unwilling federal officers." *See Edwards,* 43 F.3d at 317 ("[T]he cases involving § 1442(a) removals of state subpoena proceedings against unwilling federal officers have held that sovereign immunity bars the enforcement of the subpoena."). Further, the record does not reveal that the federal government has "unequivocally" waived sovereign immunity with respect to the subpoena, (*Edwards,* 43 F.3d at 317). Therefore, sovereign immunity bars enforcement of the subpoena. *See Edwards,* 43 F.3d at 317. On removal under § 1442(a), our jurisdiction is "derivative" of the state court's jurisdiction: "if the state court lacks the jurisdiction to enforce the subpoenas the district court will be in no better position than the state court in enforcing the subpoenas once the case is removed to federal court." *Id.* at 316. Thus, the Court lacks jurisdiction to enforce the subpoena.

Accordingly, the Court **GRANTS** the motion to quash state subpoena (Doc. 7).

**IT IS SO ORDERED**.

Signed this 30th day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.30 15:43:32 -05'00'

**Chief Judge**
**United States District Court**